Smith, J.
— “ The provisions of the present Revised Statutes, on that subject, (R. S. p. 603, § 53 to 61,) authorise the Courts, when a divorce is granted for the misconduct of the husband, and when the estate brought by the wife and restored to her on the divorce is not sufficient for her support, to grant such alimony out of his estate as shall be just and reasonable. There is no provision authorising a grant of alimony in lieu of dower, but it is provided that the Court shall not have power to divest either party of their title to, or interest in any real estate, further than is expressly provided for. In this case, it appears that William Russell had real estate, in which, under the 57th section of the statute above referred to, his wife, *357 upon a divorce so granted, was entitled to dower, and the decree, giving her alimony in lieu of this right, was erroneous,
“It is suggested by the counsel for the defendant in error, that the words ‘ in lieu of dower? where they occur in the decree, may be regarded as surplusage, but this would be doing injustice to the plaintiff in error, as the value of the right of dower, which the Court intended to divest by the decree, was probably considered in estimating the amount proper to be allowed as alimony.”
That part of the decree, giving alimony in lieu of dower, was reversed, and the cause remanded for further proceedings.